UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIM EDWARD ORTEGA,<br><br>                                Plaintiff,<br><br>v.<br><br>MICHAEL P. SANTOMASSIMO;<br>WELLS FARGO BANK, N.A.,<br><br>                                Defendants. | Case No.: 22cv1795GPC(DDL)<br><br>**ORDER SUA SPONTE DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

On November 16, 2022, Barbara-Susan, as next friend to Plaintiff Tim Edward Ortega, signed and filed a "petition for declaratory judgment and record." (Dkt. No. 1.) Plaintiff did not sign the complaint. Attached to the complaint are purported documents relating to a power of attorney signed by Plaintiff Tim Edward Ortega in favor of Barbara-Susan. (Dkt. No. 1-2.)

Parties may "plead and conduct their own cases personally" or proceed with counsel. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). The right to proceed pro se in civil cases is a personal privilege and a non-attorney has "no authority to appear as an attorney for others than himself." *C.E. Pope Equity Trust v. United States*, 818 F.2d

696, 697 (9th Cir. 1987); *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (1997) (general power of attorney could not provide the personal right to assert constitutional claim).

In addition, a power of attorney does not grant a non-attorney the right to bring a lawsuit on behalf of the principal. *See Ryan v. Hyden*, No. 12CV1489–MMA (BLM), 2012 WL 4793116, at *4 (S.D. Cal. Oct. 9. 2012) (nonlawyer son with power of attorney for parents could not draft pleadings and pursue claims on their behalf as it constituted the unauthorized practice of law under California law) (quoting *In re Marriage of Caballero*, 27 Cal. App. 4th 1139, 1151 (1994) ("Despite broad statutory language of the power of attorney with respect to claims and litigation, the attorney in fact may not act as an attorney at law on behalf of his principal, even though the principal could appear in propria persona.")) and citing 7 Cal. Jur. 3d, Attorneys at Law § 135 ("One may not act as an attorney for another by virtue of a special power of attorney . . . a power of attorney is not a vehicle for acting as an attorney at law.")); *see also Lomax v. City of Antioch Police Officers*, No. C 11–02858 CRB, 2011 WL 4345057, at *3-4 (N.D. Cal. Sept. 14, 2011) (uninjured father acting as attorney-in-fact for injured son lacked standing to bring complaint on behalf of son and other family members for their injuries; power of attorney did not permit father to engage in the unauthorized practice of law); *In re Foster*, 2012 WL 6554718, *5 (9th Cir. B.A.P. Dec. 14, 2012) (concluding that an attorney-in-fact, as opposed to an attorney-at-law, is not authorized to sign a complaint or otherwise appear on behalf of a principal); *Drake v. Superior Ct.*, 21 Cal. App. 4th 1826, 1831 (1994) ("Long before passage of the Power of Attorney Act, the law distinguished between an attorney in fact and an attorney at law and emphasized that a power of attorney is not a vehicle which authorizes an attorney in fact to act as an attorney at law.").

Therefore, despite the power of attorney granted to her by Plaintiff, Barbara-Susan cannot not file a complaint or petition on behalf of Mr. Ortega.  Because Plaintiff has not signed the complaint, the Court SUA SPONTE DISMISSES the complaint with leave to amend.  Plaintiff must file an amended complaint on or before **February 17, 2023** and must prosecute the case himself.  If an amended complaint is not filed by the deadline,

1  the Court will dismiss the action with prejudice. In light of the dismissal, the Court
2  VACATES the hearing date of March 3, 2023 on Defendants' motion to dismiss.
3      IT IS SO ORDERED.
4  Dated:  January 19, 2023

Hon. Gonzalo P. Curiel
United States District Judge

cc:

Tim Edward Ortega
11718 SE Federal Highway, #435
Hobe Sound, FL 33455